UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **J. MICHAEL TIBOR,** <br><br> Plaintiff, <br> v. <br><br> **MERRICK BANK,** <br><br> Defendant. | Civil Case No.: 18-3971 <br><br> **COMPLAINT** |

# INTRODUCTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Defendant, Merrick Bank ("Defendant" or "Merrick"), has placed hundreds of autodialed calls and texts (hereinafter, the term "Calls" refers to both phone calls and text messages, unless separately discussed as "phone calls" or "text messages") to Plaintiff J. Michael Tibor's ("Plaintiff") cellular telephone number in an attempt to collect a debt allegedly, but not actually, owed by Plaintiff.

3. Plaintiff never provided Defendant with prior express consent to make these calls.

4. Furthermore, Plaintiff expressly and repeatedly told Defendant to stop calling and texting, but Defendant continued to place its Calls.

5. Accordingly, Defendant's actions violated the TCPA, and Plaintiff is entitled to $500 to $1500 per call.

# JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

7. This Court has personal jurisdiction over Defendant because Defendant conducts

significant amounts of business within this District and because its actions giving rise to the claim were targeted at this District.

8. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim – the telephone calls – occurred in this District.

## PARTIES

9. Plaintiff is a citizen and resident of Batavia, Illinois.

10. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

11. Defendant Merrick Bank is, and at all times mentioned herein was, a Utah corporation with its principle place of business located at 10705 South Jordan Gateway, Suite 200, South Jordan, Utah 84095.

12. Defendant Merrick is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

## FACTS

13. Defendant has placed hundreds of Calls in less than six months to Plaintiff's cellular telephone number ending in 2187.

14. These calls were all to collect a debt allegedly owed by Plaintiff.

15. The debt allegedly owed was not yet due nor was it in default at the time Defendant placed its harassing Calls.

16. Plaintiff never gave Defendant prior express consent to make these Calls to his cellular telephone.

17. In fact, Plaintiff specifically told Defendant on several occasions to stop calling, or words to that effect.

18. Upon information and belief, Defendant records its phone calls, so Defendant should have documentation of Plaintiff's oral requests.

19. Furthermore, on or about January 2, 2018, Plaintiff sent a letter to two of Defendant's addresses – PO Box 9201, Old Bethpage, NY 11804, and PO Box 5000, Draper, UT 84020, asking Defendant to stop calling.

20. Specifically, Plaintiff wrote:

> Pursuant to two separate conversations I have had with your customer service team in the last two weeks, you are to STOP any and all calls, texts, or any other form of telephone communication to me in any way, shape or form, to any number you may have on file for me. Additionally, remove all of my telephone numbers from your autodialer system immediately.
>
> If any permission was provided to your office in the past to communicate with me by phone or text, any such permission(s) is(are) hereby permanently **revoked**, effective immediately. Any future communications with me be made ONLY by first class mail at the addresses below.

21. Plaintiff also replied "STOP" to Defendant's text messages on no less than six different occasions, which was the method provided in Defendant's text messages for stopping the texts.

22. Nonetheless, despite not having consent in the first place *and* despite Plaintiff's oral and written requests that Defendant stop its Calls, Defendant continued to Call.

23. All of the Calls were made using an "automatic telephone dialing system" as defined at 47 U.S.C. § 227(a)(1) and as explained in subsequent FCC regulations and orders. The system(s) Defendant used to call Plaintiff has/have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

24. This is evidenced by the volume of the calls and the inability to stop the Calls.

25. This is also evidenced by the pattern of the phone calls. If an attempt to reach Plaintiff was unsuccessful (e.g. Plaintiff did not pick up), the Calls were more frequent than on

those days on Plaintiff picked up, suggesting Defendant's system was programed to place telephone numbers back into the queue for Calls the same day if the called party was not reached.

26. This is also evidenced by an unnatural delay between the time Plaintiff answered and greeted the caller on a phone call and a live agent joined the line, which is indicative of a predictive dialer.

27. Defendant's actions in making Calls using an automatic telephone dialing system to Plaintiff before obtaining prior express consent and continuing to Call after any such consent it believed it had was revoked, violate 47 U.S.C. § 227(b).

28. In addition, several of Defendant's telephone calls used a prerecorded or artificial message instructing Plaintiff to call Defendant.

29. Plaintiff is aware that these telephone calls used a prerecorded or artificial voice message because of his familiarity with normal human interaction, intonation, manners of speaking, and his inability to engage the prerecorded or artificial voice in reciprocal, sensical communication or banter.

30. Defendant's actions were willful and/or knowing because Defendant made the Calls of its own volition and continued to do so after being repeatedly asked to stop, including multiple times in writing.

31. Plaintiff has suffered concrete harm because of Defendant's Calls, including, but not limited to, tying up his telephone line with unsolicited Calls, lost time tending to the unwanted Calls and responding to Defendant's unlawful conduct, the invasion of his privacy by Calls continuing after he asked Defendant to stop, aggravation, and nuisance.

32. These forms of concrete harm are sufficient for Article III standing purposes.

33. Plaintiff is entitled to statutory damages and injunctive relief for these violations of

the TCPA.

34. For violations of 47 U.S.C. § 227(b), Plaintiff is entitled to $500 to $1500 per Call.

35. In addition, Defendant's actions in placing hundreds of Calls to Plaintiff's cellular telephone number in six months to collect a debt that was not yet due or in default, and after Plaintiff repeatedly asked Defendant to stop calling – orally and in writing – invaded Plaintiff's privacy by intruding upon his seclusion.

36. Defendant's Calls intruded upon Plaintiff's solitude and seclusion, and were highly offensive to Plaintiff, as it would be to any other reasonable person.

### FIRST CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

37. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

38. Defendant placed hundreds of Calls to Plaintiff's telephone number without prior express consent, and after Plaintiff asked Defendant to stop both orally and in writing.

39. Plaintiff's telephone number is assigned to a cellular telephone service.

40. As alleged, these calls all used an "automatic telephone dialing system."

41. Several of these calls used a prerecorded or artificial voice.

42. The calls were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

43. Plaintiff is entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

44. Plaintiff is entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

### SECOND CAUSE OF ACTION
### Invasion of Privacy/Intrusion Upon Seclusion

45. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

46. Defendant placed hundreds of Calls to Plaintiff's telephone number without prior express consent, and after Plaintiff asked Defendant to stop both orally and in writing.

47. Defendant's Calls intruded upon Plaintiff's solitude and seclusion.

48. These calls were highly offensive to Plaintiff, as they would be to a reasonable person.

49. Accordingly, Plaintiff is entitled to an award of actual damages and punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff J. Michael Tibor prays for the following relief:

A. An order declaring that Defendant's actions violate the aforementioned laws and statutes;

B. An award of injunctive and other equitable relief prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

C. An award of statutory or contractual damages;

D. An award of treble damages;

E. An award of actual damages;

F. An award of punitive damages;

G. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

**Dated:** June 7, 2018                  <u>  s/ Jeremy M. Glapion             </u>
                                                                          Jeremy M. Glapion
                                                                          **THE GLAPION LAW FIRM, LLC**
                                                                          1704 Maxwell Drive
                                                                          Wall, New Jersey 07719
                                                                          Tel: 732.455.9737
                                                                          Fax: 732.709.5150
                                                                          jmg@glapionlaw.com