**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| J. MICHAEL TIBOR, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Case No.:  1:18-cv-03971 |
| | ) | |
| MERRICK BANK, | ) | Hon. Elaine E. Bucklo |
| | ) | Magistrate Judge Jeffrey Cole |
| *Defendant.* | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT**

Defendant, Merrick Bank ("Merrick"), hereby responds to the Complaint in like-numbered

paragraphs as follows:

1.      Merrick denies the allegations in Paragraph 1.

2.      Merrick denies the allegations in Paragraph 2.

3.      Merrick denies the allegations in Paragraph 3.

4.      Merrick denies the allegations in Paragraph 4.

5.      Merrick denies the allegations in Paragraph 5.

**JURISDICTION AND VENUE**

6.      Merrick admits the allegations in Paragraph 6 for jurisdictional purposes only.

7.      Merrick admits the allegations in Paragraph 7 for jurisdictional purposes only.

8.      Merrick admits the allegations in Paragraph 8 for jurisdictional purposes only.

**PARTIES**

9.      Merrick is without knowledge as to the allegations in Paragraph 9 and, therefore,

denies same.

10.     The allegations contained in Paragraph 10 call for a legal conclusion to which no response is required. To the extent a response is required, Merrick is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and, therefore, denies same.

11.     Merrick admits the allegations in Paragraph 11.

12.     The allegations contained in Paragraph 12 call for a legal conclusion to which no response is required. To the extent a response is required, Merrick is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and, therefore, denies same.

## **FACTS**

13.     Merrick denies the allegations in Paragraph 13.

14.     Merrick admits that Plaintiff owes a debt to it, but it denies that the calls were made as alleged in Paragraph 13.

15.     Merrick denies the allegations in Paragraph 15.

16.     Merrick denies the allegations in Paragraph 16.

17.     Merrick denies the allegations in Paragraph 17.

18.     Merrick is without knowledge as to the allegations in Paragraph 18 and, therefore, denies same.

19.     Merrick is without knowledge as to whether the Plaintiff sent the letter referenced. However, Merrick specifically denies that it ever received the same.

20.     Merrick is without knowledge as to the allegations in Paragraph 20 and, therefore, denies same. Specifically, the Plaintiff fails to attached the referenced letter to the Complaint and Merrick never received the same.

21. Merrick denies the allegations in Paragraph 21.

22. Merrick denies the allegations in Paragraph 22.

23. The allegations contained in Paragraph 23 call for a legal conclusion to which no response is required. To the extent a response is required, Merrick is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and, therefore, denies same.

24. Merrick denies the allegations in Paragraph 24.

25. Merrick denies the allegations in Paragraph 25.

26. Merrick denies the allegations in Paragraph 26.

27. Merrick denies the allegations in Paragraph 27.

28. Merrick denies the allegations in Paragraph 28.

29. Merrick is without knowledge as to the allegations in Paragraph 29 and, therefore, denies same.

30. Merrick denies the allegations in Paragraph 30.

31. Merrick denies the allegations in Paragraph 31.

32. Merrick denies the allegations in Paragraph 32.

33. Merrick denies the allegations in Paragraph 33.

34. Merrick denies the allegations in Paragraph 34.

35. Merrick denies the allegations in Paragraph 35.

36. Merrick denies the allegations in Paragraph 36.

**FIRST CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. §227(b)(1)(A)(iii)**

37. Merrick realleges and specifically incorporates herein by reference the allegations contained in Paragraphs 1 through 36 above.

38.     Merrick denies the allegations in Paragraph 38.

39.     Merrick is without knowledge as to the allegations in Paragraph 39 and, therefore, denies same.

40.     The allegations contained in Paragraph 40 call for a legal conclusion to which no response is required. To the extent a response is required, Merrick is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and, therefore, denies same.

41.     The allegations contained in Paragraph 41 call for a legal conclusion to which no response is required. To the extent a response is required, Merrick is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and, therefore, denies same.

42.     The allegations contained in Paragraph 42 call for a legal conclusion to which no response is required. To the extent a response is required, Merrick is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and, therefore, denies same.

43.     Merrick denies the allegations in Paragraph 43.

44.     Merrick denies the allegations in Paragraph 44.

**SECOND CAUSE OF ACTION**
**Invasion of Privacy/Intrusion Upon Seclusion**

45.     Merrick realleges and specifically incorporates herein by reference the allegations contained in Paragraphs 1 through 36 above.

46.     Merrick denies the allegations in Paragraph 46.

47.     Merrick denies the allegations in Paragraph 47.

48.     Merrick denies the allegations in Paragraph 48.

49.     Merrick denies the allegations in Paragraph 49.

In response to the prayer for relief contained in the unnumbered WHEREFORE clause following Paragraph 49 of the Complaint, Merrick denies that the Plaintiff is entitled to any relief whatsoever.

WHEREFORE, Defendant, Merrick Bank, respectfully requests this Court to deny the Plaintiff the relief he seeks and to enter judgment in its favor and for such other and further relief as this Court deems just and proper.

## GENERAL DENIAL

To the extent that Merrick has not responded in full to any other allegation in the Complaint, that allegation is hereby denied. Each and every allegation not specifically admitted is specifically denied.

## AFFIRMATIVE DEFENSES

As to affirmative and other defenses to the Complaint, Merrick asserts:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Although Merrick denies any liability or wrongdoing alleged in the Complaint, Plaintiff's claims are barred, in whole or in part, because he provided express consent to receive communications to his cellular telephone.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim for invasion of privacy fails as a matter of law as the same is pre-empted by the federal TCPA.

## FOURTH AFFIRMATIVE DEFENSE

The Cardholder Agreement between the Plaintiff and Merrick contains an express consent provision for calls made with an autodialer. Plaintiff cannot revoke this consent because it was given as consideration in exchange for the credit given to him.

## FIFTH AFFIRMATIVE DEFENSE

Pursuant to the Cardholder Agreement, Plaintiff agreed to arbitrate these claims against Merrick, and Merrick reserves its right to compel arbitration herein.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff owes Merrick a debt, which is in default, and therefore any damages the Plaintiff may recover should be offset by the amounts owed by the Plaintiff to Merrick.

Dated: July 16, 2018

MERRICK BANK CORPORATION


By: s/         William F. Farley
         One of Its Attorneys

William F. Farley (ARDC 6305896)
HOLLAND & KNIGHT LLP
131 S. Dearborn St., 30th Fl.
Chicago, IL 60603
312-263-3600
William.farley@hklaw.com

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that on **July 16, 2018**, a true and correct copy of the foregoing was electronically transmitted using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel of record.

/s/         William F. Farley